**SEAFARERS INTERNATIONAL UNION OF NORTH AMERICA, AFL–CIO et al., Appellants,**

v.

**W. Willard WIRTZ, Secretary of Labor, U. S. Department of Labor, Appellee.**

**No. 20906.**

United States Court of Appeals District of Columbia Circuit.

March 29, 1968.

Mr. Stephen Kurzman, Washington, D. C., filed pleadings for appellants.

Mr. Robert V. Zener, Attorney, Department of Justice, filed pleadings for appellee. Messrs. David G. Bress, U. S.

Atty., Frank Q. Nebeker, Asst. U. S. Atty., and Alan S. Rosenthal and Walter H. Fleischer, Attorneys, Department of Justice, also entered appearances for appellee.

Before WILBUR K. MILLER, Senior Circuit Judge, BURGER and McGOWAN, Circuit Judges, in Chambers.

### ORDER

PER CURIAM.

The Clerk is directed to file appellants' lodged petition for reconsideration. The allegations in support of appellants' petition are that new evidence has come to light to the effect that the Secretary of Labor has in fact been furnishing information to the Department of Justice which is derived from the Secretary's inquiries under the Labor-Management Reporting and Disclosure Act. But these allegations, even if true, do not undermine the basis of our affirmance of the judgment of the District Court. That basis was that there were no issues of fact requiring exploration, inasmuch as the Secretary expressly affirmed his purpose to exercise the authority given him by Congress to supply to the Attorney General "such evidence developed in the performance of his functions under this Act as may be found to warrant consideration for criminal prosecution under the provisions of the Act or other Federal law." 29 U.S.C. § 527. Neither was there anything before the court to indicate that the Secretary, in auditing appellant Union's affairs because of the information which had come to his attention, was doing other than properly carrying out his investigatory functions under the Labor-Management Reporting and Disclosure Act. The purpose of that investigation could not be rendered illegal by the mere allegation that the Secretary would conform to the command of Congress that he disclose incriminating evidence to the nation's chief law officer.

Wherefore on consideration of the foregoing, it is

Ordered by the court that appellants' petition for reconsideration is denied.